UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TONIA JONES-LAFI, | ) |
| | ) |
| Plaintiff, | ) Case: 2:24-cv-02111 |
| | ) |
| v. | ) |
| | ) |
| ASCENSION HEALTH, | ) |
| | ) Jury Trial Demanded |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff, Tonia Jones-Lafi ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Ascension Health ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendants race-based discrimination, race-based harassment, and retaliation under Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Central District of Illinois, Urbana Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

### ADMINISTRATIVE PREREQUISITES

4. All conditions precedent have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Tonia Jones-Lafi, resides in Kankakee County, Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Ascension Health, is a corporation doing business in and for Kankakee County, Illinois, whose address is 501 South Locust Street, Manteno, IL 60950.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as a Medical Assistant, starting in or around September 2007 through March 8, 2024.

13. Since at least September 2007 through March 8, 2024, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of race, violating Title VII and

Section 1981.

14. Plaintiff is African American and is a member of a protected class because of her race.

15. Defendant subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class.

16. Throughout Plaintiff's employment, she had been subjected to various discriminatory actions.

17. The discriminatory actions Plaintiff has suffered include Plaintiff being written up and suspended due to employees outside of her protected class complaining about her tone and facial expressions.

18. These complaints against Plaintiff perpetuated harmful stereotypes of Plaintiff as an "angry black woman," and instead of taking corrective measures against the employees perpetuating the stereotype, Defendant condoned and adopted the conduct as its own by writing Plaintiff up.

19. Additionally, Plaintiff's supervisors regularly avoided speaking with her, unlike the direct communication the supervisors engaged in with employees outside of Plaintiff's protected class.

20. The lack of communication made it difficult for Plaintiff to complete her job assignments.

21. On or about December 7, 2023, Plaintiff complained directly to Defendant's office manager, Carol Sperry (Caucasian), regarding employees outside of her protected class treating her differently, including the complaints of her facial expressions and tone.

22. This complaint followed an incident in or around December 2023, in which a

Caucasian coworker put MiraLAX into Plaintiff's coffee, and then called her a "bitch" when she refused to drink said coffee.

23. On or about January 2, 2024, Plaintiff was written up by her manager Carol Sperry, and suspended again for her "facial expressions and tone."

24. Ms. Sperry informed Plaintiff that she would need to write a letter to her coworkers responding to the claim which prompted the complaint if she wanted to "keep her job."

25. Plaintiff completed this letter but was ultimately told to return to work on or around January 3, 2024.

26. This quick return to work followed Defendant informing Plaintiff that it had rescinded the complaint following a faulty investigation into the nature of the claims against Plaintiff.

27. The ongoing complaints of Plaintiff's facial expressions and tone of voice were due to the stereotype surrounding African American women being considered loud and aggressive and angry.

28. As stated above, this was not the first time Plaintiff was written up and suspended due to this stereotyping.

29. Additionally, following the January 2, 2024 write-up, Plaintiff was subsequently sent home, losing pay for the day.

30. This was clear retaliation for making a protected complaint on or about December 7, 2023.

31. Due to the nature of the complaints against Plaintiff and Defendant's lack of investigation or implementation of remedial measures against the negative race-based stereotyping complained of by Plaintiff, she was understandably concerned that she would be terminated in

retaliation for engaging in any further protected activity.

32. Defendants acts and omissions forced Plaintiff to endure continuing race based discrimination and harassment as a condition of her employment.

33. As a result, Plaintiff felt she had no choice but to resign her employment.

34. As such, Plaintiff was constructively discharged on or about March 8, 2024.

35. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

36. Plaintiff was unlawfully constructively discharged because of her race, African American on or about March 8, 2024.

37. Plaintiff was retaliated against, and her employment was ultimately constructively discharged for opposing unlawful discrimination and for exercising her protected rights.

38. Plaintiff reported the race-based harassment to Defendant.

39. Plaintiff was targeted for constructive discharge because of her race.

40. Plaintiff suffered multiple adverse employment actions including, but not limited to being constructively discharged.

41. There is a basis for employer liability for the race-based harassment that Plaintiff was subjected to.

42. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to Defendant's office manager.

## COUNT I
### Violation of 42 U.S.C. § 1981
### (Race-Based Discrimination)

43. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

44. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

45. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

46. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

47. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

48. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Discrimination)**

49. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

50. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

51. Plaintiff met or exceeded performance expectations.

52. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

53. Defendant constructively discharged Plaintiff's employment on the basis of Plaintiff's race.

54. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's race.

55. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

56. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Race-Based Harassment)**

57. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

58. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

59. Defendant knew or should have known of the harassment.

60. The race-based harassment was severe or pervasive.

61. The race-based harassment was offensive subjectively and objectively.

62. The race-based harassment was unwelcomed.

63. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., due to Plaintiff's race, African American.

64. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

65. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of Title VII of The Civil Rights Act of 1964
### (Retaliation)

66. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

67. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, et seq.

68. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race discrimination or race-based harassment.

69. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

70. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of race discrimination or harassment.

71. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

72. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

73. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

74. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

75. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay and benefits with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay and benefits;

d. Compensatory and punitive damages;

e. Reasonable attorneys' fees and costs;

f. Award pre-judgment interest if applicable; and

g. Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 16th day of May, 2024.

Respectfully submitted,

/s/ **Travis P. Lampert**
**Travis P. Lampert, Esq.**
Sulaiman Law Group Ltd.

                                        2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5456
Fax (630) 575 - 8188
tlampert@sulaimanlaw.com
*Attorney for Plaintiff*